## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| INSTITUTIONAL CAPITAL MANAGEMENT, INC., DANIEL L. RITZ, STERLING FINANCIAL INVESTMENT GROUP, INC., ROBERT L. HARVEY, and GERARD JOSEPH PEPE, | § § § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | CIVIL ACTION NO. H-07-2058 |
| LEONARD CLAUS and IMS SECURITIES, INC., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER ON MOTIONS TO VACATE ARBITRATION AWARD

In November 2007, the parties consented to proceed before a United States magistrate judge for all purposes, including the entry of a final judgment, under 28 U.S.C. § 636(c). The case was then transferred to this court. Now pending before the court are motions to vacate an arbitration award filed by Plaintiffs, and Defendants' motions to dismiss this lawsuit and for sanctions. (Institutional Capital Management, Inc. ["ICM"] and Daniel Ritz's ["Ritz"] Motion to Vacate Arbitration Award ["ICM's Motion"], Docket Entry #1; Sterling Financial Investment Group, Inc.'s ["Sterling"] Motion to Vacate Arbitration Decision ["Sterling's Motion"], Docket Entry #24; Leonard Claus's ["Claus"] Motion to Dismiss, Docket Entry #5; and Claus's Motion to Dismiss and Motion for Sanctions, Docket Entry #25). Having reviewed the pleadings, the evidence submitted, and the applicable law, the court finds that ICM's and Sterling's motions to vacate the arbitration award should be GRANTED, and that Defendants' motions should be DENIED.

**Background**

This case involves an arbitration award that was to resolve a dispute about a failed transaction to purchase bonds. (ICM's Motion at 2-3; Sterling's Motion at 1-6). On July 18, 2005, Claus and IMS Securities, Inc. ("IMS") submitted a claim to arbitrate the dispute to the National Association Of Securities Dealers ("NASD"). (ICM's Motion at App. Tab 2, pp. 1-2). In their complaint, they stated that Jerry Short ("Short"), acting as an agent of Sterling, requested information on certain bonds and, subsequently, asked to purchase bonds on Sterling's behalf. (*Id.* at 1). They claimed that they completed the purchase as instructed by Short, but that Sterling then decided it would not pay for it. (*Id.*). They stated that they contacted Short, who represented that "he would stand good for the trade regardless of what Sterling would ultimately decide to do." (*Id.*). They alleged that they were never paid and, as a result, suffered more than $225,000.00 in damages. (*Id.* at 2-3). Claus and IMS claimed violations of federal and state securities law, federal and state statutory fraud, negligence, gross negligence, negligent misrepresentation, and breach of contract. (*Id.* at 2). ICM and Sterling not only denied these allegations, but contended that Defendants suffered no out-of-pocket losses. (*Id.* at 2; Sterling's Motion at 3-6). After hearing the case, on May 21, 2007, an NASD arbitration panel made a ruling favorable to Claus.[1] (ICM's Motion at App. Tab 2, pp. 4-8). The panel ordered ICM to pay Claus $20,000.00, plus interest, in compensatory damages and to pay Claus's attorney, Michael Falick ("Falick"), $40,000.00 in attorney's fees. (*Id.* at pp. 4-5). In the same ruling, Sterling was ordered to pay $5,000.00, plus interest, in compensatory damages to Claus and to pay Falick $30,000.00 in attorney's fees. (*Id.*). However, the panel also

---

[1]   The panel dismissed all of IMS's claims, as well as all of Claus's claims against individual brokers Gerard Joseph Pepe ("Pepe"), Robert Lee Harvey ("Harvey"), and Ritz, with prejudice. (ICM's Motion at App. Tab 2, pp. 5). It also dismissed Claus's claims against Jerry Short, without prejudice. (*Id.*).

assessed approximately $22,000.00 in NASD forum fees and costs against Claus and IMS, and so Plaintiffs argue that, in effect, Claus received only $3,000.00.  (ICM's Motion at 2).

On June 20, 2007, ICM and Ritz filed this lawsuit, challenging the arbitration panel's award of attorney's fees to Falick.  (*Id*.).  They argue specifically that the panel had no authority to award limited damages to Defendants, yet order Plaintiffs to pay Defendants' attorney directly.  (*Id*.).  They also object to the amount of money they were ordered to pay Falick, because it is far in excess of any damages awarded to Defendants.  (*Id*.).  On June 21, 2007, Sterling filed a lawsuit in which it also challenged the attorney's fees award, and further claimed that, because the panel dismissed Claus's claims against its employees, Pepe and Harvey, it exceeded its authority and acted with manifest disregard of the law when it found Sterling liable for damages.[2]  (Sterling's Motion at 6-16; *see Sterling Group, Inc. v. Claus*, Civil Action H-07-2067 (S.D. Tex.)).  Plaintiffs claim that, as a result of the panel's errors, the entire award should be vacated and the parties should return to arbitration.  (ICM's Motion at 2; Sterling's Motion at 16).  For their part, Defendants move the court to dismiss this lawsuit, claiming that the court lacks subject matter jurisdiction.  (Defendants' Motions to Dismiss at 1).  They also move for sanctions against Sterling,[3] arguing that, in light of the FAA's "strong pro-arbitration policy," it should be punished for bringing a legally insufficient case.  (Defendants' Motion for Sanctions at 5-6).  Having considered the pleadings, the evidence submitted, and the applicable law, the court finds that the motions by ICM and Sterling to vacate the arbitration award should be granted, and that Defendants' motions to dismiss and for sanctions should be denied.

---

[2] These actions were consolidated on November 28, 2007.  (Docket Entry #16).

[3]  On an earlier date, Defendants filed a motion for sanctions against ICM and Ritz, but the court denied that motion at a status conference on December 7, 2007.  (Docket Entries #5, #18).

**Standard of Review**

"[A] district court's review of an arbitration award is extraordinarily narrow." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004) (citations omitted); *see Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004); *Antwine v. Prudential-Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). When parties consent to arbitration, they "exchange the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Further, "[a]rbitration proceedings are not constrained by formal rules of procedure or evidence." *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 730 (N.D. Tex. 1997) (citing *Robbins v. Day*, 954 F.2d 679, 685 (11th Cir. 1992)). For these reasons, a court will reverse the decision of an arbitrator only if it finds that the "arbitration proceedings were fundamentally unfair." *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990) (citing *Teamsters, Local Union 657 v. Stanley Structures, Inc.*, 735 F.2d 903, 906 (5th Cir. 1984)).

**Discussion**

As a threshold matter, Defendants argue that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction. (Defendants' Motions to Dismiss at 1). They argue that the court lacks jurisdiction because the parties are not diverse and the jurisdictional amount has not been met. (*Id.*). Plaintiffs, on the other hand, argue that their claims fall within the court's federal question jurisdiction. (ICM's Motion at 1; Sterling's Motion at 1-2). It is well established that federal arbitration law does not create any independent source of jurisdiction. *See Bank One, N.A. v. Boyd*, 288 F.3d 181, 186 n.2 (5th Cir. 2002); *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001). A party may obtain relief in federal court only when the underlying case

4

would otherwise be subject to the court's federal question or diversity jurisdiction.  *See id.*; *Smith v. Rush Retail Ctrs., Inc.*, 291 F. Supp. 2d 479, 487-88 (W.D. Tex. 2003).  Here, in the underlying case, Claus and IMS made claims under the Securities Act of 1933, 15 U.S.C. §771(2); § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b); and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. 240.10b-5.  (Sterling's Motion at Ex. A; ICM's Motion at App. Tab 2).  These claims fall within the federal question jurisdiction of the court.  *See* 28 U.S.C. § 1331; *Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 786 (5th Cir. 1974).

If a case falls within the court's federal question jurisdiction, the parties need not be diverse and the jurisdictional minimum imposed in diversity jurisdiction cases need not be met.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Pan Am. Petroleum Corp. v. Superior Ct. of Del.*, 366 U.S. 656,663 (1961).  Claus and IMS also asserted claims under state securities law and for negligence, gross negligence, negligent misrepresentation, and breach of contract, but each of these claims forms part of the same case or controversy as the federal claims. (*See* Sterling's Motion at Ex. A; ICM's Motion at App. Tab 2).  As a consequence, the court can exercise supplemental jurisdiction over the non-federal claims.  *See* 28 U.S.C. § 1367(a); *Board of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tele. Corp.*, 478 F.3d 274, 277 (5th Cir. 2007). Because the court has jurisdiction over this case, Defendants' motions to dismiss this action for lack of subject matter jurisdiction have no merit and must be denied.

Before this court, Plaintiffs ask that the award by the NASD arbitration panel be vacated. An arbitration award may be vacated only for reasons that are explicitly authorized by the Federal Arbitration Act ("FAA"); or because the arbitrator acted with a "manifest disregard of the law"; or because the arbitrator acted "contrary to public policy."  *Kergosien*, 390 F.3d at 353.  Under the

FAA, an award may be vacated for any of the following four statutory reasons:

> (1)     where the award was procured by corruption, fraud, or undue means;
> (2)     where there was evident partiality or corruption in the arbitrators, or either of them;
> (3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or
> (4)     where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see Kergosien*, 390 F.3d at 353.  In this case, Sterling argues that the panel exceeded its authority and acted with manifest disregard of the law because it was found liable for damages even though its employees were exonerated.  (Sterling's Motion at 6-16).  Further, both Plaintiffs argue that the arbitration panel had no authority to assess fees to be paid directly to Defendants' attorney.  (*Id*.; ICM's Motion at 8-14).  ICM and Sterling state that, as a result, the court must vacate the award and remand the case to the NASD for further proceedings.  (*Id*.).

Sterling insists that, because the arbitration panel "exonerated" its employees, Harvey and Pepe, who were allegedly involved in the transaction at issue, the panel exceeded its authority and acted with manifest disregard of the law when it was nevertheless ordered to pay Claus $5,000.00 in compensatory damages.  (Sterling's Motion at 6-10).  Sterling claims that, under the theory of respondeat superior, it cannot be held liable for the actions of its employees if those employees committed no wrongdoing.  (*Id*. at 6).  In addition, Sterling argues that it cannot be liable for negligent supervision of its employees if those employees did no wrong.  (*Id*.).  Sterling further states that, under §20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a), it cannot be held liable for innocent actions by its employees.  (*Id*. at 6-7).  And, finally, Sterling points to an excerpt of Claus's testimony from the arbitration hearing that allegedly shows that Defendants were able to sell

the bonds to another purchaser, and so suffered no actual loss.[4]  (*Id.* at 7-8).

Under the FAA, an arbitration award may be vacated if the arbitrator exceeded its authority in making the award, or if "the award displays manifest disregard of the law."  *Sarofim v. Trust Co. of the West*, 440 F.3d 213, 216 (5th Cir. 2006); *see* 9 U.S.C. § 10(a)(4); *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003).  If a party asserts "manifest disregard," the court must keep two principles in mind in weighing that contention.  *See Sarofim*, 440 F.3d at 217 (citing *Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 762 (5th Cir. 1999)). Under the first, if "on the basis of the information available to the court it is not manifest that the arbitrators acted contrary to the applicable law, the award should be upheld."  *Id.* (quoting *Williams*, 197 F.3d at 762).  The second principle is as follows:

> where on the basis of the information available to the court it is manifest that the arbitrators acted contrary to the applicable law, the award should be upheld unless it would result in significant injustice, taking into account all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between parties.

*Id.* (quoting *Williams*, 197 F.3d at 762).

In this case, the parties did not opt for a reasoned award, which would have provided some explanation for the arbitration panel's findings.[5]  *See id.* at 215 n.1 ("a reasoned award is something short of findings and conclusions but more than a simple result").  For that reason, it is unclear why the arbitration panel found Sterling liable.  It is clear, however, that Defendants made numerous claims against Sterling that do not necessarily rest on the liability of its employees, including those

---

[4]   The Fifth Circuit has recognized that a court can look at hearing testimony when considering a claim of manifest disregard of the law.  *See Sarofim*, 440 F.3d at 217.

[5]   At the time the arbitration claim was filed, the NASD Arbitration Code did not provide for reasoned awards. (*See* Sterling's Motion at 15).  Sterling concedes that none of the parties requested a reasoned award.  (*Id*)

under securities law and for state and federal statutory fraud.  Further, even though the excerpted testimony suggests that Claus was able to sell at least some of the bonds to another entity at the same value, it does not show that the panel lacked any grounds for finding Sterling liable.  (Sterling's Motion at 7-8).  Under the limited scope of review available, there is no basis for the court to find that the panel exceeded its authority, or acted with manifest disregard of the law, when it awarded Claus the sum of $5,000.00.

However, Plaintiffs ask the court to vacate the award on another ground.  They argue that the arbitration panel exceeded its authority when it made its award of attorney's fees.  In entering the arbitration process, the parties here agreed to abide by "the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the [NASD]."  (ICM's Motion at 9 and App. Tabs 8-10).  Rule 10215 of the NASD Code of Arbitration Procedure specifically addresses awards of attorney's fees, as follows:

> The arbitrator(s) shall have the authority to provide for reasonable attorney's fees reimbursement, in whole or in part, as part of the remedy in accordance with applicable law.

(*Id.* at App. Tab 11).  Generally, when a rule provides for attorney's fees to the prevailing party, it is the party, not his lawyer, who is entitled to receive the sum awarded.  *See Venegas v. Mitchell*, 495 U.S. 82, 83, 90 (1990); *Evans v. Jeff D.*, 475 U.S. 717, 731-32 (1986); *Brown v. General Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983); *Oguachuba v. INS*, 706 F.2d 93, 97 (2d Cir. 1983).  In this case, the rule provides for "reimbursement" of fees, which suggests that any payment would be made to the party, who may have already paid his attorney.  (ICM's Motion at App. Tab 11).  In addition, neither of the applicable Texas statutes that provide for awards of attorney's fees states that the awards can be made directly payable to attorneys.  *See* TEX. CIV. PRAC. & REM. CODE § 380.001;

8

TEX. SECURITIES ACT.  Here, then, the panel had the authority only to award attorney's fees to Defendants; its authority did not extend to ordering an award to be paid directly to Defendants' attorney, instead.

Further, even assuming for these purposes that the panel did have the authority to make such an award, the NASD Code requires that such fees be "reasonable."  (ICM's Motion at App. Tab 11).  Here, Defendants were awarded only $25,000.00 out of the $225,000.00 they were seeking, and the panel charged them $22,000.00 in forum fees and costs.  An award of attorney's fees in the amount of $70,000.00 appears to be excessive, at least on its face.  Plaintiffs also point out that Defendants had a contingency fee agreement in place with their attorney.  (*Id*. at 12-13; Sterling's Motion at 12-15; Defendants' Response, Docket Entry #5, at 2-3).  If the panel was aware of that agreement, the amount of the award is clearly in excess of any contingent amount contemplated.  While Defendants aver that they intend to divide the sum of the awards, *i.e*., $95,000.00, according to the terms of the agreement, so that Falick gets 40%, or approximately $38,000.00, and Defendants get the remainder, the result of this arrangement is that Defendants will receive more than twice the amount awarded to them by the panel.  (*See id*. at 3).  This calls into question the definiteness of the award, which is also a ground to vacate an award under the FAA.  *See* 9 U.S.C. § 10(a); *Kergosien*, 390 F.3d at 353.

Under these circumstances, the panel overreached its authority when it ordered an award of attorney's fees, in the amount of $70,000.00, directly to Falick.  Because the FAA provides that an award may be vacated when "the arbitrators exceeded their powers," the court finds that this award should be vacated.  *See* 9 U.S.C. § 10(a); *Kergosien*, 390 F.3d at 353.

In the end, the arbitration panel exceeded its authority when it made its attorney's fees

award.  Under 9 U.S.C. § 10(a)(4), this is a valid basis on which to vacate the arbitration panel's award.  For this reason, Plaintiffs' motions to vacate arbitration award should be granted.  Further, because Plaintiffs have shown that the arbitrator's award was legally infirm, Defendants' motion for sanctions is without merit and should be denied.

**Conclusion**

Accordingly, Plaintiffs' motions to vacate arbitration award are **GRANTED**, and Defendants' motions to dismiss and motion for sanctions are **DENIED**.

It is further **ORDERED** that the present lawsuit is **DISMISSED**, without prejudice.

**SIGNED** at Houston, Texas, this 28th day of May, 2008.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**